UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
DORRIE BRYANT,

    Plaintiff,

 v.                5:01-CV-0051
                     (HGM/GJD)

ADECCO EMPLOYMENT SERVICES, INC.,
SHIRLEY BALDWIN AND LAURA
BOMMERSBACH,

    Defendants,

APPEARANCES:           OF COUNSEL:

DORRIE BRYANT
Plaintiff *pro se*
100 Rigi Avenue
Apartment 2
Syracuse, New York 13206

McNAMEE, LOCHNER, TITUS      DAVID J. WUKITSCH, ESQ.
& WILLIAMS P.C.
Attorneys for Defendants
75 State Street
P.O. Box 459
Albany, New York 12201

HOWARD G. MUNSON, SR. J.

## MEMORANDUM DECISION AND ORDER

### BACKGROUND

   The *pro se* plaintiff alleges the defendant employment agency, Adecco Employment Services, Inc., and its two defendant employees, failed to hire her to fill a job opening for which she was qualified, because of her race. Although plaintiff submitted her amended complaint on

a form used to plead claims under 42 U.S.C. § 1983, plaintiff was given leave to re-plead her allegations under the appropriate federal statute. However, her second amended complaint alleged only violations of the New York State Human Rights Law, and did not specifically reference the federal equivalent of the state statute 42 U.S.C. § 2000e. Because it was clear that plaintiff intended to pursue a claim for race-based discrimination, and due to her *pro se* status, this court construed her second amended complaint to have been pled under 42 U.S.C. § 2000e and the New York State statute.

Defendants filed a motion for summary judgment and, on November 14, 2003, this court heard oral argument by the respective parties, and reserved decision thereon. Subsequently, the court determined that no appropriate responsive papers were received from the plaintiff. Thereupon, plaintiff was served with a notice to comply with the Local Rules of the Northern District of New York by responding in writing to defendants' summary judgment motion and serve and file all required papers by a specified date. Defendants would have a time period in which to reply to plaintiff's papers, if deemed necessary. The court would take the motion on the submitted papers only.

The court's notice was sent to plaintiff's last two known addresses, but none of the required opposition papers were ever received by the court.

**DISCUSSION**

Summary judgment is appropriate if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Wilkinson v. Russell, 182 F.3d 89, 96-97 (2d

Cir.1999). The Court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. Quaratino v. Tiffany & Co., 71 F.3d 58, 64 (2d Cir.1995); Twin Labs., Inc. v. Weider Health & Fitness, 900 F.2d 566, 568 (2d Cir.1990). At its core, the Court's function in deciding a motion for summary judgment is "issue finding," not "issue resolution." Gallo v. Prudential Residential Services, 22 F.3d 1219, 1224 (2d Cir.1994).

The Second Circuit, in the seminal case of Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241 (2d Cir.2004), addressed the proper analysis that district courts should employ when presented with an unopposed motion for summary judgment. The court held that "Fed.R.Civ.P. 56, governing summary judgment motions, does not embrace default judgment principles." Id. at 242. Thus, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Id. In addition, "[a]lthough the failure to respond may allow the district court to accept the movant's factual assertions as true, see Local Civ. R. 56.2," id. at 246, the district court "must be satisfied that the citation to evidence in the record supports the assertion." Id. at 244.

Defendant Adecco Employment Services, Inc. ("ADECCO") is a temporary employment agency. Defendant Shirley Baldwin ("Baldwin")is a former branch manager of Addecco, and defendant Laurie Bommersbach ("Bommersbach") is a former branch manager thereof. Plaintiff Dorrie Bryant )("plaintiff") is a black licensed practical nurse ("LPN"). In 1992, while working at the Hutchings Psychiatric Center in Syracuse, NY, plaintiff injured her back while lifting a patient. This injury prohibited her from working for 3 years. Upon being cleared to return to work, plaintiff was employed, but not as a LPN, by Home Aids of Central New York, however, plaintiff's 25-30 pound weight lifting restriction limited her ability to work.

3

On June 10, 1998, plaintiff filled out an employment application for Addecco, passed a medical knowledge test and was interviewed by defendant Baldwin. During the interview, plaintiff said that she would like a job caring for psychiatric and elderly patients.. In answering a question about her weaknesses, plaintiff stated that her ability to dispense medication might be a problem. Plaintiff did not pass a later medication test in connection with a succeeding application for another employer. (plt. EBT p.84). Additionally, Adecco was unable to obtain any employer references from plaintiff's former employees.

Finally, Adecco determined not to hire plaintiff because of her lack of recent, relevant experience, her lack of references and her own reservations about her abilities. Plaintiff then filed a complaint against Addecco with the New York State Division of Human Rights asserting status discrimination based on race and disability. Plaintiff claimed that she had been discriminated against because a white woman named, Sharlene Gonzales, who had the same physical limitations as plaintiff, was hired by Addecco.

The State Division of Human Rights dismissed plaintiff's complaint, finding that there was no probable cause to believe Addecco had undertook any discrimination conduct toward plaintiff. Plaintiff did not appeal this decision. Plaintiff then instituted her lawsuit against defendants in January, 2001. The record shows that defendants Adecco and Baldwin were properly with the summons and complaint, but defendant Bommersbach was never served therewith. The only basis for plaintiff's claims was her belief that Sharlene Gonzales was hired was a LPN by Addecco. Plaintiff did not state that anything racial was said to her at Adecco, but that the reason for her allegations was her feeling put down and disrespected in the way she was approached.

4

To establish a prima facie case of race discrimination under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L .Ed.2d 668 (1973), a plaintiff must show that he or she: "(1) is a member of a protected class; (2) was qualified for the position at issue; (3) was denied the position; and (4) that the circumstances of the adverse employment decision give rise to an inference of discrimination. Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir.2003). Summary judgment remains available for the dismissal of discrimination claims in cases lacking genuine issues of material fact, see, Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 19 (2d Cir.1995); McLee v. Chrysler Corporation, 38 F.3d 67, 68 (2d Cir.1994); Woroski v. Nashua Corp., 31 F.3d 105, 110 (2d Cir.1994).

In the instant case, plaintiff did not meet even her *de minimus* burden with respect to two of the elements of her claim. There is no dispute that plaintiff meets the first and third. Plaintiff admits that she had a limited disability in that she was restricted to 25 - 30 pounds weight lifting restriction lifting limit. (Bryant Dep. at pp. 33-35), therefore, it was entirely possible that, due to her weight lifting restriction, she was not physically qualified for a LPN position, and thus, the second prong was not fulfilled.

The fourth prong can be established by showing that the position was filled by someone outside the protected class, see James v. New York Racing Association, 233 F.3d 149, 153-154 (2d Cir.2000); Taggart v. Time Inc., 924 F.2d 43, 46 (2d Cir.1991), but plaintiff's claim that she established that shortly after her job interview, Adecco hired a Caucasian woman named Sharlene Gonzales, who had a weight lifting restriction double hers, for the LPN position she was seeking, is not borne out by the record.

On two occasions after her interview at Adecco, plaintiff called Laurie Bommersbach. The calls was concerning the status of her job application. On both calls, she was advised that she needed a doctor's clearance showing that the lifting restrictions, which she described during her interview, would not restrict he from performing the job duties of a LPN, and references from employees regarding her recent experiences. (Bommersbach Aff. ¶.11). During the second call, plaintiff started that Adecco had hired another Caucasian woman LPN with a 50 pound weight lifting restriction, twice that of plaintiff. When asked for the person's name, plaintiff refused to provide it. (Id. ¶¶12). (It was subsequently obtained). Bommersbach was not aware that Adecco hired the person plaintiff described, but after conferring with Shirley Baldwin, she advised plaintiff that, if she could provide proof of the Adecco employee's 50 pound weight restriction positive employer references as an LPN, and a medical opinion that her back injury would not restrict her performance of the duties of a LPN, Adecco would place her with one of its customers. Bommersbach never spoke to or heard from plaintiff again, (Id. ¶ 13, 14), and plaintiff never provided the requested documentation that could opened a position for her at Adecco.

In June 1998, Shirley Baldwin met plaintiff regarding her employment application for a LPN position. Following the interview procedure, Baldwin requested written references from plaintiff's last two employers, Hutchings Psychiatric Center and Home Aids of Central New York. Both former employers expressed a neutral policy regarding references and would only provide dates of employment for plaintiff. (Baldwin ¶¶ 28-29)

Baldwin did not believe that plaintiff had the relevant recent experience as a LPN, having not worked in that capacity for over six years. Additionally, plaintiff unequivocally stated an uneasiness and lack of skill in dispensing medications, a vital function of the LPN position. Also,

6

Addecco was unable to acquire positive references concerning plaintiff's work performance. Though plaintiff voluntarily identified a medical restriction which might have prevented her from undertaking the functions of an LPN, it was her lack of experience, references and suspect skills which were the basis Adecco's decision not to hire her. Plaintiff did not have the qualifications required to be hired by Adecco as a LPN and placed with its customers. (Baldwin Aff. ¶¶. 31-32).

Plaintiff's case rests on her allegations that Sharlene Gonzales was hired by Adecco as a LPN in spite of a weight lifting restriction double plaintiff's.  She states that during her conversations with Gonzales when both were attending a refresher courses at BOCES in August 1998, Gonzales told her Adecco had hired her, but she had not yet received any work assignments because she hadn't yet passed Adecco's medication test. ( Plt.'s EBT p. 54).  Plaintiff does not state that there were any later conversations with Gonzales about working for Adecco. (Plf.'s EBT p. 57).  However, Adecco traced neither the color or race of its applicants, and Adecco did not hire anyone with that name while Baldwin was working there. Ms. Gonzales did submit a job application to Adecco, but failed to pass the medical test given by Adecco to all job applicants. This test failure precluded any consideration of Ms Gonzales as a temporary employee for Adecco (Baldwin Aff. ¶¶ 34-36), (Affidavit of Judy W. Whelan, Area Manager of Adecco Health Services)

Plaintiff has not, as a mater of law established a *prima facie* case.  Moreover, and if plaintiff had done so, defendants have enunciated a legitimate non-discriminatory reason for not hiring plaintiff as an LPN, which reasons plaintiff was unable to refute.

Accordingly, defendants' motion for summary judgment is **GRANTED** and the complaint is **DISMISSED** in its entirety as against defendants Adecco Employment Services, Inc. and

Shirley Baldwin, and, because plaintiff failed to serve a summons and complaint upon named defendant Laura Bommersbach, all claims against this defendant will be **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(5).

The court will decline to exercise supplemental jurisdiction over plaintiff's state law claim because it has dismissed all claims over which it had original jurisdiction 28 U.S.C. 1367, therefore, this claim is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated: September 30, 2006
       Syracuse, New York

_____
Howard G. Munson
Senior U.S. District Judge